Stewart, J.
Section 305.01, Revised Code (Recodification Act of 1953), read as follows:
“The Board of County Commissioners shall consist of three persons who shall be elected as follows:
*453 “(A) In November, 1922, and quadrennially thereafter, one county commissioner shall be elected to take office on the first Monday of January following.
“(B) In November, 1924, and quadrennially thereafter, two commissioners shall be elected to take office on the first Monday of January following.
“(C) Thereafter such officers shall hold office for the term of four years and until their successors are elected and qualified. ’ ’
This section as amended, effective August 30, 1957, now reads as follows:
“The number of members of the Board of County Commissioners shall be in proportion to the population of the county, as determined by the latest preceding federal census as follows:
“ (A) A county having a population of not more than one million, three;
“(B) A county having a population of more than one million, five;
‘ ‘ Such officers shall hold office for a term of four years and until their successors are elected and qualified. In electing additional commissioners the one-half of those elected having the highest number of votes shall serve for four years, the remainder for two years. Counties entitled to such .additional commissioners upon the effective date of this section shall elect the additional commissioners at the general election in 1958 to take office January 1, 1959.”
It is contended by respondents that two questions are presented by the demurrer to the petition in this case:
(1) Is present Section 305.01, Revised Code, violative of Section 26, Article II of the Ohio Constitution?
(2) If valid under the Constitution, does present Section 305.01 provide as to the Board of County Commissioners of Cuyahoga County for terms which begin and end on varying dates ?
A majority of this court is of the opinion that present Section 305.01 does violate Section 26, Article II of the Ohio Constitution, in providing for five county commissioners for counties of more than one million population according to the preceding federal census. It is obvious that such a provision is *454 applicable solely to Cuyahoga County, can not be applicable to any other county in the state, and was put into the law on the basis of a population classification for the obvious reason that, if Cuyahoga County had been specifically named, it would be quite apparent that such a law, being of a general nature, would be unconstitutional. See State, ex rel. Newell, v. Brown, Secy. of State, 162 Ohio St., 147, 122 N. E. (2d), 105, and Andrews v. State, ex rel. Henry, 104 Ohio St., 384, 135 N. E., 655.
However, in view of the conclusion at which we have arrived, it is unnecessary to pass upon this particular question.
Referring to former Section 305.01, it will be observed that it provided for the election of one member of the Board of County Commissioners in each county in November 1922 for a term beginning on the first Monday in January next following, and for the election of a successor each fourth year thereafter, and for the election of two members in November 1924 for a term beginning on the first Monday in January next following, and for the election of successors each fourth year thereafter. Therefore, under the former statute, the term of the one incumbent who was elected in 1954 would expire as of the first Monday in January 1959, and his successor would be elected in November 1958 for the term beginning on the first Monday in January 1959.
Present Section 305.01, after providing for the classification as between Cuyahoga County and the other 87 counties, provides only for the manner of election of the additional commissioners to be elected in Cuyahoga County, to wit, that one-half of those elected having the highest number of votes shall sérve for four years and the remainder for two years, and that in Cuyahoga County the additional commissioners shall be elected at the general election in 1958 to take office January 1, 1959.
The Secretary of State has advised the Board of Elections of Cuyahoga County that there are three commissioners to be elected in that county, and that the board is to provide only one place on the ballot for the office of county commissioner of Cuyahoga County, to list in that one place all candidates for the office of county commissioner, to declare for four-year terms the two highest and for a two-year term the third highest, all the *455 terms to begin January 1, 1959, and to provide no other separate place on the ballot for the full term commencing upon the earliest date in January 1959 and next succeeding the expiration of the existing term which began the third day of January 1955.
. Obviously, this is not in accord with the present statute which provides only for the election of the additional commissioners, and that one-half of those elected having the highest number of votes shall serve for four years, the remainder for two years. One-half of three is one and one-half, and it is scarcely feasible to elect one and one-half commissioners for four years and one and one-half for two years. Hence, relator contends that there are two sets of commissioners to be elected in Cuyahoga County, two members as additional commissioners and one to succeed to the expiring term. Under such a conception, the two additional commissioners would have a term beginning January 1, 1959, and the other commissioner a term beginning the first Monday in January, but there is not a word in the statute regarding the election of a successor to any of the present incumbent commissioners in either Cuyahoga or any of the other 87 counties in Ohio.
Under the former statute, the incumbent whose successor is to be elected in 1958 was elected for a term running from the first Monday in January after his election to the first Monday in January four years later. Such a term was approximately four years, although actually varying slightly from that length of time. Now, however, all five commissioners of Cuyahoga County must hold office for a term of exactly four years, since the variation factor of the first-Monday-in-January provision has been deleted by the repeal of the former statute.
As we have said, nowhere in the present statute is there any provision for the election of successors to the present incumbents of the office of county commissioner in any of the counties of the state, and in such a case either the present incumbents are entitled to a life tenure or their positions are abolished, which would eventually result in 87 counties having no commissioners and Cuyahoga County having two.
In our opinion, present Section 305.01 is so confused, vague, unworkable and discriminatory that it amounts to no effective *456 legislation and is, therefore, void. Under such circumstances it follows that former Section 305.01 is in effect, and that there is but one county commissioner to be elected for a full term in each of all the counties of the state in the general election in November 1958.
We come now to the disposition of the demurrer to relator’s petition.
It appears that, because of the enactment of the new law purporting to provide for five county commissioners for Cuyahoga County, many persons, both Democrats and Republicans, have filed for nomination to the office of county commissioner, to be voted on in the May 6 primary election, and it seems only fair and logical that relator, as well as all other candidates who have specified for particular terms or have filed without specifying a term, should be considered as having placed in his petition only surplusage as to any particular terms, since there is only one term to be filled, that such surplusage should be disregarded by respondents, and that there should be a certification of all who have otherwise properly filed for the one term beginning on the first Monday in January, 1959.
Therefore, the demurrer to relator’s petition is overruled, and the respondent members of the board of elections are ordered to accept and certify the petition of relator for the one term as county commissioner of Cuyahoga County beginning on the first Monday in January 1959.

Writ allowed.

Weygandt, C. J., Zimmerman, Matthias, Bell and Herbert, JJ., concur.